**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILDERNESS WORKSHOP,<br>    Third Street Center, Suite 27<br>    520 S. 3rd St.<br>    Carbondale, CO 81623<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>    an agency of the United States,<br>    1400 Independent Ave., S.W.<br>    Washington, D.C. 20250, and<br>U.S. FOREST SERVICE,<br>    an agency of the United States,<br>    201 14th St, SW<br>    Washington, D.C. 20024<br><br>    Defendants | Civil Action No. 2021-cv-2108 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.    INTRODUCTION**

1.    Defendants are agencies of the United States Department of Agriculture ("USDA") and the U.S. Forest Service (USFS), that have wrongfully withheld records responsive to a request made by Plaintiff Wilderness Workshop ("WW") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

2.    WW filed a written FOIA request on September 24, 2020. The same request was copied to several offices likely to have responsive records, including the Office of General Counsel ("OGC"), the USDA Secretary's Office, the USFS's Washington Office, and the USFS's Regional Office in Colorado. Responses were received from all target offices except the

Washington Office. The USFS's Washington Office acknowledged receipt of WW's FOIA request on September 25, 2020, and assigned the request FOIA tracking number: 2020-FS-WO-06518-F. Nonetheless, USFS's Washington Office and the OGC still have not responded with a FOIA determination or release of any requested materials.

3.    WW's FOIA request seeks information in agency records about the impacts of a proposed road through the National Forest System that impacts important wildlife habitat and negatively affects Colorado's second largest migrating mule deer herd, as well as federally listed threatened and endangered species and their habitat, and federal public lands generally. Plaintiff also sought information related to the Defendants' interpretation of its obligations under the Alaska National Interest Lands Conservation Act ("ANILCA"), 16 U.S.C. § 3101, *et seq*. This information was sought to inform Plaintiff's formal objection to the Berlaimont Access Route Final Environmental Impact Statement and Draft Record of Decision, which was due on November 9, 2020. Even after the objection period closed, the information is still relevant to WW's effort to engage members and decisionmakers about the agency's consideration of this issue, and strategize about how best to engage in the process prior to issuance of a final decision—which is now expected very soon.

4.    The information in agency records withheld by Defendants is time sensitive. Delayed access harmed Plaintiff's ability to participate in the NEPA process. Withholding agency records continues to impact Plaintiff's ability to know about actions taken by agency personnel who are working closely and sharing information with the project proponent. WW's participation in the agency's administrative processes for the Berlaimont Estates Access Route was significantly hindered when Defendants refused to provide prompt FOIA access to agency records. Defendants' FOIA violations harm WW's participation in a statutorily established public land

management and environmental decisionmaking process carried out, overseen, and authorized by USDA and USFS personnel who have not provided access to agency records responsive to the FOIA Request.

5.     Congress determined that FOIA litigation is subject to expedited consideration. Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552 (a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown."). Agencies are not allowed to claim insufficient appropriations as a basis to relieve federal agencies of the statutory duties imposed by FOIA or the duty to comply with judicial orders.

6.     By violating FOIA, Defendants have violated WW's right to promptly access agency records not subject to a recognized FOIA Exemption upon filing a written request, a statutory right that each FOIA requester enjoys regardless of the requester's purpose. 5 U.S.C. § 552.

7.     WW requests an order finding that USFS and OGC violated FOIA, directing USFS, USDA, and OGC to make a prompt determination on WW's FOIA Request supported by agency declarations documenting each search and each assertion of a FOIA Exemption, and compelling USFS, USDA, and OGC to promptly provide WW with the responsive records by a date certain.

## II.  JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

9.    Defendant agencies' failure to make a full and final determination on WW's FOIA Request within twenty (20) working days of its September 25, 2020 receipt by USFS is construed as a denial of the FOIA Request and waives further exhaustion of administrative appeal requirements that can otherwise apply in FOIA cases. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

10.    Constructive exhaustion of administrative remedies vests this District Court with jurisdiction to resolve all issues regarding the FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

11.    Venue in this Court is proper. 5 U.S.C. § 552(a)(4)(B). The records requested by this FOIA Request involve ongoing USFS regulatory authority over federal public lands in Colorado, and the agency's administration of laws and regulations applicable to public lands throughout the nation. The FOIA processing decisions and the underlying administrative process involved decisionmaking review and authority of personnel in Defendants' Washington D.C. Offices. Defendants failed to search for all responsive records created, obtained, and or/possessed by its Washington D.C. Offices.

12.    Venue is also appropriate under 28 U.S.C. § 1391 because Defendants are agencies of the United States with its National Offices located in Washington, D.C. and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

13.    This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5

U.S.C. § 552(a)(4)(B). The District Court "shall determine the matter de novo." 5 U.S.C. §
552(a)(4)(B).

14.    This Court has statutory authority to grant declaratory relief pursuant to the Declaratory
Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief
pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable
powers to fashion and impose effective remedies for agency FOIA violations.

15.    This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C.
§ 552(a)(4)(E).

16.    In addition to de novo review and authority to compel agency FOIA compliance, this
Court has statutory authority to refer this matter to the Special Counsel to investigate and make
binding recommendations to remedy an agency's potentially arbitrary and capricious
circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

17.    "In the event of noncompliance with the order of the court, the district court may punish
for contempt the responsible employee, and in the case of a uniformed service, the responsible
member." 5 U.S.C. § 552(a)(4)(G).

18.    The FOIA claims made in this Complaint are ripe for judicial review and WW's harms
can be remedied by an order of this Court.

### III. PARTIES

19.    Plaintiff, WILDERNESS WORKSHOP ("WW") is a Colorado non-profit corporation
based in Carbondale, Colorado. WW's mission is to protect and conserve the wilderness and
natural resources of the Roaring Fork Watershed, the White River National Forest, and adjacent
public lands. WW was founded in 1967, and has been fighting to protect local public lands for
more than 50 years. The organization has more than 700 members. WW engages in research,

education, legal advocacy and grassroots organizing to protect the ecological integrity of local landscapes and public lands. WW focuses on the monitoring and conservation of air and water quality, wildlife species and habitat, natural communities and lands of wilderness quality. WW has particular interest in the agency records related to the project at issue because it will affect important wildlife habitat, including habitat of threatened and endangered species, on public lands within the White River National Forest.

20.    WW regularly uses FOIA as an important avenue for gaining information about agency activities. WW is harmed when it is denied documents to which it is entitled. WW intends to continue its use of FOIA to access agency records in the possession of Defendants. Specifically, WW has just submitted another FOIA requests to the agency as a Final Decision on this project appears to be imminent.

21.    WW works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. WW then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, its website and newsletter, general news media coverage, and public presentations. WW's successful efforts at educating the public and elected officials on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. WW also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

22.    One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the

Administrative Procedure Act. *See, e.g.*, 5 U.S.C. § 551, *et seq*. WW uses FOIA to publicize

activities of federal agencies and to mobilize the public to participate in the management of

public land. WW intends to continue using FOIA requests to fulfill its oversight and advocacy

role through scrutinizing agency records, a practice Congress intended to promote through the

adoption of FOIA. Any person who files a FOIA request is deemed to have standing to invoke

the jurisdiction of the Federal Courts to carry out the judicial review provisions of FOIA. WW

filed the FOIA request at issue, and has standing to bring this FOIA suit. WW brings this action

on its own behalf and on behalf of its adversely affected members.

23.    WW, its staff, or one or more of its members have and will suffer direct injury by the

Defendants' failure to comply with the statutory requirements of FOIA, and a favorable outcome

of this litigation will redress that injury. Defendants' refusals to provide timely FOIA access to

agency records prevents WWs informed involvement in Defendants' time-limited opportunities

to participate in administrative processes and to effectively engage in USFS's decisions affecting

sensitive public lands. Harm to the environment flows from Defendants' FOIA violations, which

conceal the facts and circumstances of USFS's decisionmaking process. WW brings this action

on behalf of itself, its staff, and its members.

24.    Defendant U.S. Forest Service ("USFS") is an agency as defined by 5 U.S.C.

§ 552(f)(1). FOIA charges USFS with the duty to provide public access to agency records in

their possession or control. USFS possesses records responsive to WW's FOIA Request. USFS

has denied WW access to agency records in contravention of federal law.

25.    Defendant USDA is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the

Office of the Secretary with the duty to provide public access to agency records in their

possession or control. USDA's various secretaries located in Washington D.C. and the Office of

General Counsel work closely with the Forest Service personnel and contractors. USDA is denying WW access to its records in contravention of federal law

26.   FOIA requires that each Defendant, and any component thereof that may possess records requested by WW, must conduct an informed search for responsive records that considers information found during the search.  Defendants have not conducted a fully-informed search.

27.   Among other things, Defendants failed to lawfully make a full and final determination on WW's FOIA Request within the statutory twenty working day limit. As of the date of this filing, a final determination has not been made on the FOIA Request. As of the date of this filing, each Defendant possesses, controls, and unlawfully withholds agency records responsive to WW's FOIA Request that are not subject to a FOIA Exemption.

## IV. SUMMARY OF LAW

28.   FOIA imposes statutory duties upon agencies to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the *fundamental 'right to know*.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶6 2007) (*emphasis supplied*). Judicial interpretations and applications of FOIA that limit public access must be applied sparingly due to a series of Congressional actions taken to increase public access. *Id*.

29.   In 2016, Congress enacted the FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016). Like previous enactments, the 2016 legislation implemented several changes to FOIA that were designed to increase public access to government records. H.R. REP. NO. 391, 114th Cong., 2d Sess. 1, 7-8 (2016); S. REP. NO. 4, 114th Cong., 1st Sess. 2-5 (2015).

30.   The FOIA Improvement Act addresses Congressional "concerns that some agencies [were] overusing FOIA exemptions that allow, but do not require, information to be withheld from disclosure." S. REP. NO. 4, 114th Cong., 1st Sess. 2 (2015); see also H.R. REP. NO. 391, 114th Cong., 2d Sess. 9 (2016) ("[T]here is concern that agencies are overusing these exemptions to protect records that should be releasable under the law.").

31.   In 2016, Congress added the distinct foreseeable harm requirement to foreclose the withholding of material unless the agency can "articulate both the nature of the harm [from release] and the link between the specified harm and specific information contained in the material withheld." H.R. REP. NO. 391, at 9. The foreseeable harm requirement applies to all nine FOIA Exemptions. 5 U.S.C. § 552(b).

32.   This lawsuit is necessary to vindicate WW's right to prompt access agency records, which is violated by Defendants' unlawful withholding of responsive agency records, in part, by failing to make a determination on WW's FOIA Request within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i).

33.   This lawsuit is also necessary because Defendants have refused to provide an estimated date by which WW's FOIA Request will be completed, an agency duty Congress imposed in 2007 to remedy widespread and casual violations of FOIA deadlines. 5 U.S.C. § 552(a)(7).

34.    Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA. 5 U.S.C. § 552(a)(6)(C)(i). Defendants' failure to comply with FOIA's time limits has constructively exhausted all of WW's administrative remedies. WW now turns to this Court to provide relief that ensures WW, its membership, and the public have the prompt public access to agency records guaranteed by FOIA. 5 U.S.C. § 552(a)(6).

35.    FOIA is violated whenever an agency withholds an agency record that is not subject to

a recognized FOIA Exemption. 5 U.S.C. § 552(a). An agency's failure to comply with FOIA

deadlines exhausts all administrative remedies and puts all questions of FOIA compliance within

the jurisdiction of the federal courts.

36.    FOIA is normally resolved on summary judgment, with the burden of proving FOIA

compliance falling on the agency. During this litigation, the government must carry its burden of

demonstrating all elements of FOIA compliance. The government may meet its litigation

burdens by providing declarations, and disclosing contravening evidence in its possession, that

address, among other things: a broad interpretation of the FOIA Request, a lawful search, a

lawful cut-off date for each search, and the justification in a *Vaughn* index for withholding any

agency record or part thereof.

## V.    STATEMENT OF FACTS

37.    On September 24, 2020 WW submitted a written FOIA Request to Defendants. Ex. 1.

Defendants received the FOIA request on September 24, 2020.

38.    The FOIA Request sought prompt access to agency records involving the Berlaimont

Estates Access Route EIS process.

39.    USFS's Washington Office received the FOIA Request on September 25, 2020. USFS

assigned the request FOIA tracking number 2020-FS-WO-06518-F.

40.    On September 25, 2020, USDA's Departmental FOIA Office acknowledged receipt of

the FOIA request sent to OGC and assigned the request FOIA tracking number 2020-OGC-

06519-F. The same correspondence indicated that the agency "determined to grant [WW's]

request for a fee waiver, departmentally."

41.    Defendants did not provide a determination on the FOIA Request during the 20 working day period following September 24, 2020. The 20th working day after September 24, 2020 fell on October 14, 2020.

42.    WW contacted USFS's FOIA Officer in the Washington Office and FOIA Officers handling the OGC request on December 14, 2020 via email. The emails asked USFS for an update on when a release might be expected.

43.    Defendants in the USFS's Washington Office responded by email on the same day indicating that no expected date could be provided for a response. Defendants' email response did not provide a determination on the fee waiver request.

44.    Defendants' personnel charged with processing the OGC search and determination responded by email on December 14, 2020 indicating that records would be released within a week. The OGC has not yet produced these records.

45.    WW sent a follow-up email to the USFS's Washington Office and to the FOIA Officer representing OGC on July 12, 2021 after Defendants failed to provide WW with any further communication on the FOIA Request, and asked for an estimated date for a determination on the FOIA Request and production of records.

46.    On the same day, the email sent to officials representing OGC was returned as undeliverable. WW promptly followed up via phone to the Office of General Counsel FOIA Officer listed on the agency's website.[1] No one answered the phone and WW never received a call back.

---

[1] *See* USDA FOIA Resources webpage, available at https://foiamapper.com/agencies/usda-foia/ (listing Shawn McGruder as the contact for the OGC at (202)720-5824) (last accessed 8/4/21).

47.    On July 13, 2021, USFS's FOIA Officer responded that the request "is now number 44 out of 84 cases." Again, no estimated date for a determination on the FOIA Request and production of records was provided.

48.    As of close of business on the day before this filing, WW has not received a final determination on the FOIA Request. As of this filing, Defendants have not provided an updated estimate for a final determination.

49.    As of the close of business on the day before this filing, the USDA Freedom of Information Act Public Access Website lists FOIA 2020-OGC-06519-F as "Assigned for Processing" and FOIA 2020-FS-WO-06518-F as "In Process."[2]

50.    Defendants possess or control, and are withholding, agency records responsive to WW's FOIA Request that are not subject to a FOIA exemption. Defendants' withholding of agency records is unlawful.

51.    As of this filing, Defendants continue to withhold agency records responsive to the FOIA Request. Defendants have not made a final determination on the FOIA Request. Defendants have provided no indication that a FOIA-compliant search has been carried out. Defendants have not provided the "cut-off date" used for any search, thereby frustrating WW's intent to file a follow-up FOIA request. Defendants have provided no basis for withholding any of the specific agency records being withheld in full or in part.

---

[2] *See* USDA Freedom Of Information Act (FOIA) Public Access Website, available at https://efoia-pal.usda.gov/App/CheckStatus.aspx (enter "2020-OGC-06519-F" or "2020-FS-WO-06518-F" under Request Number query, and enter "Hart" under Last Name query) (last accessed 8/4/21).

**FIRST CLAIM FOR RELIEF**

**Violation of FOIA: Unlawfully Withholding Agency Records
Responsive to FOIA Request**

52.    Plaintiff repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

53.    Defendants have not communicated to WW the scope of the documents they intend to produce and withhold in response to the FOIA Request or their reasons for withholding any documents, and have not disclosed to WW records responsive to the FOIA Request.

54.    Defendants continue to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination. On information and belief, responsive agency records have been withheld due to an unlawfully narrow search. 5 U.S.C. §§ 552(a)(3)(B)-(C).

55.    Defendants violated FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendants have not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b).

56.    These failures to make determinations on WW's FOIA Request within the timeframe required by FOIA are a constructive denial and wrongful withholding of the records WW requested. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

57.    Defendants continue to violate FOIA by not making responsive records promptly available to WW. 5 U.S.C. § 552(a), 5 U.S.C. § 552(a)(6)(C)(i).

58.    Defendants continue to violate FOIA by unlawfully withholding agency records that are responsive to the WW's request for records, but which are not subject to any FOIA Exemption that allows withholding. 5 U.S.C. § 552(b), 5 U.S.C. § 552(a)(6)(C)(i).

59.    WW is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

60.    At such time as appropriate, Plaintiff anticipates requesting entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

**REQUEST FOR RELIEF**

WHEREFORE, WW respectfully requests that this Court enter judgment providing the following relief:

A.  Enter Findings and Declare that Defendants have violated FOIA by unlawfully withholding agency records responsive to WW's FOIA Request;

B.  Enter Findings and Declare that each Defendant violated its duty to comply with FOIA's statutory deadlines;

C.  Enter Findings and Declare that each Defendant has violated its duty to provide estimated dates of completion for WW's FOIA Request;

D.  Direct by injunction that Defendants provide WW a lawful determination on its FOIA Request by a date certain;

E.  Direct by order that each Defendant conduct a lawful search for responsive records;

F.  Direct by order that each Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

G.   Direct by injunction that Defendants promptly provide all agency records responsive to WW's FOIA Request that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

H.  Direct by order that Defendants provide WW with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

I.  Direct by order that Defendants provide WW with all responsive agency records in the form and format specific in the request, by a date certain within twenty working days of any such order;

J.  Grant WW's cost of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

K.  Enter a finding that Defendants' conduct involves circumstances that raise questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and,

L.  Provide such other relief as the Court deems just and proper

**RESPECTFULLY SUBMITTED August 5, 2021,**

s/ Travis E. Stills
Travis E. Stills, D.C. Bar # CO0101
Energy & Conservation Law
227 E. 14th Ave, #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

*Attorney for Plaintiff*
